IN THE UNITED STATES DISTRICT COURT FOR
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:26-cv-243 _____

| | | |
|---|---|---|
| Jahsilynn Acosta, as Administrator of the ESTATE OF DWANNEICH HAMMONDS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| WILLOW BRIDGE EASTERN MANAGEMENT CORPORATION; WILLOW BRIDGE APARTMENT MANAGEMENT, L.P.; WILLOW BRIDGE PROPERTY COMPANY NATIONAL, LLC; WILLOW BRIDGE E.C.W. LLC; WILLOW BRIDGE MANAGEMENT, INC.; MQMF CHARLOTTE SOUTHPARK, LLC; KELLI WOFFORD; CAYLEN MITCHELL; and JOHN DOES 1 through 5; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

The Defendants Willow Bridge Eastern Management Corporation; Willow Bridge Apartment Management, L.P.; Willow Bridge Property Company National, LLC; Willow Bridge E.C.W. LLC; Willow Bridge Management, Inc.; MQMF Charlotte Southpark, LLC; Kelli Wofford; and Caylen Mitchell (collectively, "Willow Bridge Defendants"), by and through counsel, and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, submit this notice of removal of the above captioned case, No. 26CV010471-590 (the "State Court Action"), from the Mecklenburg County, North Carolina Superior Court, in which the above matter is now pending, to the United States

District Court for the Western District of North Carolina. In support of this Notice, the Willow Bridge Defendants states as follows:

## Procedural History

1.      Plaintiff filed her First Amended Complaint in the General Court of Justice, Superior Court Division on or about February 23, 2026. The Plaintiff named the Willow Bridge Defendants as Defendants in the caption of the First Amended Complaint. A copy of all process and pleadings filed in State Court are attached hereto as Exhibit 1 pursuant to 28 U.S.C. §1446(a).

## Parties

2.      Upon information and belief, the Plaintiff Jahsilynn Acosta, daughter of the decedent, is a citizen and resident of Jacksonville, Florida.

3.      Upon information and belief, the Decedent Dwanneich "Dee" Hammonds was a citizen and resident of Mecklenburg County, North Carolina.

4.      Defendant Willow Bridge Eastern Management Corporation is a citizen of Texas.

5.      Defendant Willow Bridge Apartment Management, L.P. is a citizen of Delaware.

6.      Defendant Willow Bridge Property Company National, LLC is a citizen of Texas.

7.      Defendant Willow Bridge E.C.W. LLC is a citizen of Texas.

8.      Defendant Willow Bridge Management, Inc. is a citizen of Texas.

9.      Defendant MQMF Charlotte Southpark, LLC is a citizen of Texas.

10.     Defendant Kelli Wofford ("Wofford") is a citizen and resident of North Carolina; however, the Willow Bridge Defendants contend that Wofford is a nominal defendant in this action.

11.     Defendant Caylen Mitchell ("Mitchell") is a citizen and resident of North Carolina; however, the Willow Bridge Defendants contend that Mitchell is a nominal defendant in this action.

12. Defendants John Does 1 through 5 are unknown and unidentifiable at this time.

13. Based upon the foregoing, complete diversity exists between the parties.

**Jurisdiction**

14. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332 in that it is a civil action between citizens of different states, and the amount in controversy, inclusive of all damages, exceeds the sum or value of $75,000, exclusive of interest and costs.

15. The Plaintiff Estate of Dwanneich Hammonds has asserted claims for wrongful death and premises liability against the owner and manager of the Property located at 4401 Barclay Downs Drive, Charlotte, North Carolina (Am. Compl. ¶¶ 54-84), violations of the North Carolina Residential Rental Agreement and Breach of Implied Warranty of Habitability (Am. Compl. ¶¶ 85-93), and negligence, assault, battery, and wrongful death against John and Jane Doe(s) (Am. Compl. ¶¶ 94-103).

16. Defendants Wofford and Mitchell are nominal parties whose residence does not need to be considered for purposes of establishing diversity jurisdiction under 28 U.S.C. §1332 or requiring consent for removal under 28 U.S.C. § 1446(a), see *Bowers v. State Farm Mut. Auto Ins. Co.*, No. 1:17CV825, 2017 U.S. Dist. LEXIS 205398, at *3 (M.D.N.C. Dec. 14, 2017)("For purposes of diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'")(quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61, 100 S.Ct. 1779, 64 L.Ed. 2d 425 (1980)); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013)("Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court.")[1]

---

[1] Nominal Defendants Wofford and Mitchell have joined and consent to the removal of this matter.

## Basis for Removal

17.     This court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1441(a) because this is the federal district court for the district embracing the place where the State Court action is pending. The Willow Bridge Defendants contend that the currently named citizens of North Carolina, Defendants Kelli Wofford and Caylen Mitchell, are nominal defendants, and therefore, their citizenship does not defeat diversity, and the citizenship of the fictitious defendants, John and Jane Doe, is disregarded under 28 U.S.C. §1441(b)(1).

18.     This Notice of Removal is filed with the Court within the thirty (30) days of Defendant Wofford and Defendant Mitchell's receipt of service of the summons and amended complaint via process server on February 24, 2026 as noted in the Affidavits of Service included in Exhibit 1. The remaining Willow Bridge Defendants were all served via process server on or about March 5, 2026 as set forth in the Affidavits of Service included in Exhibit 1.

19.     As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through their attorney of record, and is being filed with the Clerk of Court of the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

WHEREFORE, because this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441, and because the Willow Bridge Defendants have complied with the applicable procedures for removal specified in 28 U.S.C. § 1446, removal of the above-styled action to this Court is appropriate.

This the 25th day of March, 2026.

Respectfully submitted,

GOLDBERG SEGALLA LLP

*/s/ John I. Malone, Jr.*
John I. Malone, Jr.
N.C. State Bar No.: 22180
Caroline M. Willcox
N.C. State Bar No.: 62756
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950
jmalone@goldbergsegalla.com
cearly@goldbergsegalla.com

*Attorneys for the Willow Bridge Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a copy of the foregoing Notice of Removal was served upon all counsel of record via electronic mail addressed as follows:

Chris J. Beddow
chris@mickelsendalton.com

Brian C. Mickelsen
brian@mickelsendalton.com

*Attorneys for Plaintiff*

This the 25th day of March, 2026.

GOLDBERG SEGALLA LLP

*/s/ John I. Malone, Jr.*
John I. Malone, Jr.